﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/21 Archive Date: 04/30/21

DOCKET NO. 200617-91924
DATE: April 30, 2021

ORDER

Entitlement to additional attorney fees based on the past-due benefits awarded in an April 2020 rating decision is granted.

FINDING OF FACT

The appellant is eligible for attorney fees of 20 percent of the total award of past-due benefits awarded in the April 2020 rating decision.

CONCLUSION OF LAW

The criteria for an attorney fee of 20 percent of the total amount of past-due benefits awarded in the April 2020 rating decision, prior to withholdings, have been met. 38 U.S.C. § 5904; 38 C.F.R. § 14.636.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty February 1993 to November 1997, from January 2003 to October 2004, from May 2008 to April 2012, and from June 2012 to July 2013. The appellant is the Veteran’s attorney representative.

This matter is before the Board of Veterans’ Appeals (Board) on appeal from an April 2020 decision of a Department of Veterans Affairs (VA) Regional Office (RO), which granted attorney fees to the appellant based on the past-due benefits awarded in an April 2020 rating decision.

In June 2020, the appellant submitted a VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement) and requested Direct Review by a Veterans Law Judge. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301.

Entitlement to additional attorney fees based on the past-due benefits awarded in an April 2020 rating decision

The appellant asserts that he is entitled to attorney fees based on the past-due benefits awarded to the Veteran in the April 2020 rating decision based on the full amount of the award, prior to withholdings.

A claimant may have attorney or agent representation for the prosecution of claims for VA benefits. 38 U.S.C. § 5904. 

When an AOJ has issued a notice of an initial decision prior to the effective date of the modernized review system, February 19, 2019, as in this case, agents and attorneys may charge claimants or appellants for representation provided: After an AOJ has issued a decision on a claim or claims, including any claim to reopen under 38 C.F.R. § 3.156(a) or for an increase in rate of a benefit; the AOJ issued notice of that decision before the effective date of the modernized review system; an NOD has been filed with respect to that decision on or after June 20, 2007; and the agent or attorney has complied with the power of attorney requirements in 38 C.F.R. § 14.631 and the fee agreement requirements in 38 C.F.R. § 14.636(g). 38 C.F.R. § 14.636(c)(2).

When a claimant or appellant and an attorney or agent have entered into a fee agreement under which the total amount of the fee payable to the agent or attorney (i) is to be paid to the attorney by the Secretary directly from any past-due benefits awarded on the basis of the claim, and (ii) is contingent on whether the matter is resolved in a manner favorable to the claimant or appellant, the total fee payable to the attorney or agent may not exceed 20 percent of the total amount of any past due benefits awarded on the basis of the claim. A claim shall be considered to have been resolved in a manner favorable to the claimant or appellant if all or any part of the relief sought is granted. 38 U.S.C. § 5904(d); 38 C.F.R. §§ 14.636(h)(1), 14.636(h)(2). 

The term “past-due benefits” means a nonrecurring payment resulting from a benefit, or benefits, granted on appeal or awarded on the basis of a readjudicated claim after a denial by an AOJ or the Board or the lump sum payment that represents the total amount of recurring cash payments that accrued between the effective date of the award and the date of the grant of the benefit by the AOJ, the Board, or an appellate court. 38 C.F.R. § 14.636(h)(3). The fees are payable to the attorney based on the amount of past-due benefits awarded regardless of the amount payable to the Veteran. See Rosinski v. Wilkie, 32 Vet. App. 264 (2020).

In August 2018, the Veteran and appellant signed VA Form 21-22a, Appointment of Individual as Claimant’s Representative and a fee agreement stating that the attorney’s fee to be paid will be 20 percent of past-due benefits, paid directly to the attorney by VA. The attorney fee agreement included the name of the Veteran, his VA file number, and specific terms under which the amount to be paid for the services of the attorney would be assessed. A copy of the agreement was received by VA in August 2018. The Board finds the agreement to be valid, as it was properly filed with VA and contains all required information in accordance with 38 C.F.R. § 14.636(g).

In this case, the issue before the Board is whether the appellant is eligible for additional attorney fees based on the past-due benefits awarded in an April 2020 rating decision. 

In a December 2017 rating decision, the RO, in pertinent part, denied a rating in excess of 50 percent for posttraumatic stress disorder (PTSD), decreased the rating for right lower extremity radiculopathy from 20 percent to 10 percent effective September 25, 2017, and confirmed a previous denial of service connection for sleep apnea. The Veteran filed a timely notice of disagreement with the decision in August 2018.

In an April 2020 rating decision, the RO granted entitlement to service connection for obstructive sleep apnea, a higher rating of 70 percent for PTSD effective January 21, 2020, a higher rating of 20 percent for right lower extremity radiculopathy effective September 25, 2017, and basic eligibility to Dependents’ Educational Assistance effective August 9, 2016. In an April 2020 notice letter, the Veteran was informed that the payment of part of his benefits was withheld to prevent an overpayment due to the receipt of military retired pay.

In an April 2020 attorney fee decision, the RO found that the appellant was entitled to fees of $6,764.74, 20 percent of the past-due benefits computed with retired pay withholding. The decision noted that a portion of the past-due benefits had to be withheld due to the Veteran’s receipt of military retired pay.

In a June 2020 notice of disagreement with the attorney fee decision, the appellant asserted that the attorney fees should have been 20 percent of the past-due award, not the amount paid to the Veteran. The appellant requested full payment and asserted that the decision for the RO to deny granting full fees in this case was at a minimum an explicit denial. The appellant requested that the Board rule on the explicit issue of attorney fees as well as the issue of whether the RO implicitly denied the withholding in of itself. 

The Board initially finds that the appellant is entitled to an attorney fee of 20 percent of the past-due benefits awarded to the Veteran based on the April 2020 rating decision. A VA Form 21-22a and attorney fee agreement were properly completed in August 2018 and filed with the RO. The appellant represented the Veteran during the appeal. A notice of disagreement was filed on the issues granted in the April 2020 rating decision in August 2018. Accordingly, the criteria for attorney fees based on the past-due benefits awarded in the April 2020 rating decision were met.

In Rosinski v. Wilkie, 32 Vet. App. 264 (2020), the Court held that VA obligations to attorneys under 38 C.F.R. § 5904 are to be determined by the total amount of past due benefits awarded by VA and not by the amount the Veteran is actually entitled to receive. The Court found that the attorney should have been awarded 20 percent of the total amount awarded to the Veteran, prior to the withholding for military retired pay.

The facts of Rosinski are similar to the facts of this case. The appellant is entitled to 20 percent of the total amount of past-due benefits the Veteran is entitled to be paid. Therefore, attorney fees should have been granted to the appellant based on the total award of past due benefits awarded to the Veteran, prior to the withholding for military retired pay. The Board finds that the April 2020 attorney fee decision was an implicit denial of additional attorney fees by withholding attorney fees at that time. Because attorney fees are based on the full amount of past-due benefits awarded to the Veteran, not the amount paid to the Veteran, the appellant was entitled to 20 percent of the total amount of past-due benefits at the time of the April 2020 decision.

In finding that the appellant is entitled to attorney fees of 20 percent of the total amount of past-due benefits awarded to the Veteran, the Board notes that in June 2020 and July 2020 decisions, the appellant was awarded additional attorney fees based on the portion of past-due benefits that was withheld to prevent an overpayment due to concurrent receipt of military retired pay. Therefore, it appears the attorney has now been paid attorney fees based on the past-due benefits awarded in the April 2020 rating decision. 

However, the determination was made after the initial decision in this case and is thus outside of the evidentiary window. 38 C.F.R. § 20.301. To the extent that attorney fees in the amount of the full 20 percent of past-due benefits awarded in the April 2020 rating decision have already been awarded to the appellant, no additional fees are warranted by virtue of the Board’s decision in this case. 

This decision is due to the prior appeal not being formally withdrawn and to clarify the relevant law and determination as to the facts and evidence relevant to this appeal.

 

 

Nathaniel Doan

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board K. Marenna, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.